Mary SCHALLIOL, Plaintiff,

v.

John FARE, Jr., et al.   Defendants.

Louis Simon, et al., Plaintiffs,

v.

The United States of America,
Defendants.

No. CIV.A.01–224, CIV.A.01–5671.

United States District Court,
E.D. Pennsylvania.

June 7, 2002.

Cathleen M. Devlin, Saul, Ewing, Remick and Saul, Phila, Harry A. Wilson, Jr., Wilson Kehoe & Winingham, Indianapolis, IN, H. Andrew Owen, Owen Gleaton Egan Jones & Sweeney, LLP, Atlanta, GA, D. Bruce Kehoe, Wilson, Kehoe & Winingham, Indianapolis, IN, Daniel S. Weinstock, Feldman, Shepherd, Wohlgelernter & Tanner, Phialadelphia, for Mary Schalliol, as Personal Representative of the Estate of Dennis Schalliol, Deceased, Plaintiffs.

Kevin J. Ruane, Francis R. Gartner & Associates, Blue Bell, David N. Zeehandel-

aar, Blank Rome Comisky & McCauley LLP, Philadelphia, Joseph Michael Lamonaca, G & M Building, Chadds Ford, J. Arthur Mozley, Mozley Finlayson & Loggins LLP, Atlanta, GA, for John Fare, Jr., as Personal Representative of the Estate of John Fare, Hart Delaware Corporation, Defendants.

Arthur G. Raynes, Stephen E. Raynes, Raynes, Mc Carty, Binder, Ross & Mundy, Phila, Aaron Samuel Podhurst, Podhurst Orseck Josefsberg, Miami, FL, Joel S. Perwin, Michael S. Olin, Podhurst Orseck Josefsberg Eaton, et al, Miami, FL, for Louis Simon, Howard Asher, Henry F. Miller, Suzanne Peterson, Executors of the Estate of B. Kenin Hart, Deceased, Plaintiffs.

Terence M. Healy, U.S. Dept. of Justice, Torts Branch, Civil Div., Washington, DC, Rodney Patton, U.S. Dept. of Justice, Torts Branch, Washington, DC, for the United States of America, Defendants.

## MEMORANDUM AND ORDER

KATZ, Senior District Judge.

On January 18, 2000 an aircraft crashed, killing all four persons on board, when the air traffic controller in Indiana directed the plane to a runway which had been out of service since September 20, 1995. For over four years, the United States published an approach chart for that runway without any mention that it was no longer in service. The government contends that the discretionary function exemption of the Federal Tort Claims Act requires dismissal of the decedent estates' claims based on this deficiency.

The contention of the United States is without merit. There is no rational connection between publishing inaccurate information and the policy concerns that underlie the discretionary function exemption.[1]

An appropriate Order follows.

## ORDER

**AND NOW**, this 7th day of June, 2002, upon consideration of United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (01–224 doc. no. 79) and the responses thereto, it is **ORDERED** that said Motion is **DENIED** with respect to the complaint alleging negligence against the United States for publishing the runway approach chart without any indication that the approach was inactive. The remaining issues are deferred to trial where they may be decided in the context of a fuller record.

---

1. The court requested an explanation from the Secretary of Transportation of the need for the discretionary exemption to apply in the circumstances of this case. In response the Department of Justice lawyers defending the government submitted a declaration from the Administrator of the Federal Aviation Administration with generalization about "... the limitation of finite resources." The declaration provides no explanation why the government should be exempt from liability for using its resources to publish a chart directing aircraft to land on an inactive runway. The issues of negligence are reserved for trial. Whether the air traffic controllers in Indiana or the pilot had alternative information about the inactive runway is insufficiently developed on this record.